IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CECIL BURNS**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DOLLAR GENERAL CORPORATION, DG PROMOTIONS, INC.,** and **DG RETAIL, LLC,**<br><br>Defendants. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Cecil Burns, on behalf of himself and all others similarly situated, and files this Class Action Complaint against Defendants Dollar General Corporation, DG Promotions, Inc., and DG Retail, LLC (collectively "Defendants" or "Dollar General") and states as follows:

## NATURE OF THE CASE

1. Every day in the United States, countless vehicle owners (consumers) pay cash for gasoline. If there is change left over from the purchase, the consumer is given the change in cash and he or she can then choose to spend that cash at the retailer(s) of their choice or save it.

2. Defendants have employed a nationwide and uniform scheme to steal that choice from consumers who opt to pay cash for fuel at Defendants' fuel pumps. Specifically, Defendants maintain a policy that denies consumers who pay for fuel in cash the right to receive their change in cash.

3. Instead, Defendants place consumers' change onto a Dollar General fuel card that can only be used to purchase products at Defendants' stores.

1

4. Defendants carry out this scheme without first disclosing it to consumers.

5. Given that the fuel cards can only be used at Defendants' locations, Defendants have unjustly enriched themselves to the detriment of Plaintiff and the Class.

6. To redress the wrongs that Defendants have perpetrated, Plaintiff brings the present case on behalf of himself and all other similarly situated and asserts claims for conversion and unjust enrichment.

## JURISDICTION AND VENUE

7. The Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d), because this case is a class action, the Class has more than 100 members, the amount in controversy exceeds $5,000,000, and Plaintiff is a citizen of a different state than Defendants.

8. Defendant DG Retail, LLC is a limited liability company. As such, for the purpose of determining CAFA jurisdiction, this Defendant is treated as an unincorporated association. 28 U.S.C § 1332(d)(10). Therefore, the Court's jurisdiction is not determined by the citizenship of this Defendant's members.

9. This Court has supplemental jurisdiction to determine state law claims per 28 U.S.C. § 1367.

10. Per 28 U.S.C. § 1391, venue is proper in this District because Defendants are located and conduct business in this District.

## PARTIES

11. Plaintiff Cecil Burns ("Burns") is an adult resident citizen of the state of Mississippi residing in Lafayette County, Mississippi.

12. Defendant Dollar General Corporation is a domestic for-profit corporation with its principal place of business located at 100 Mission Ridge, Goodlettsville, Tennessee 37072-2171.

2

13. DG Promotions, Inc. is a is a domestic for-profit corporation with its principal place of business located at 100 Mission Ridge, Goodlettsville, Tennessee 37072-2171.

14. DG Retail, LLC is a domestic limited liability company with its principal place of business located at 100 Mission Ridge, Goodlettsville, Tennessee 37072-2171.

## FACTS

**A. Defendants' Unlawful Conduct.**

15. In the United States in 2023, consumption of vehicle gasoline averaged about 376 million gallons per day.[1] Countless times each day at gas stations across the country, customers purchase gas for their vehicles. Many of them make their purchases using cash. If they are due change from the purchase, the customers receive the change in cash and are free to spend that cash anywhere and in any way they like.

16. For example, a customer wants to purchase $30 in gas, but only has two $20 bills ($40 total). The customer hands the cashier the $40 and the cashier gives the $10 due in change to the customer in cash. The cashier then sets the customer's fuel pump to provide $30 in gas.

17. Not so with Defendants. Defendants have taken this simple transaction and converted it into a money-making scheme.

18. Since 2013, Defendants have operated fuel pumps at many of its store locations.

19. Unlike practically every other gas station in the U.S., Defendants require customers paying in cash to use a fuel card to operate the fuel pumps.

20. Without any disclosure to their customers, Defendants place the amount of cash initially paid by a customer onto a fuel card. Any change due after the gas has been pumped

---

[1] https://www.eia.gov/tools/faqs/faq.php?id=23&t=10#:~:text=In%202023%2C%20U.S.%20finished%20motor,376%20million%20gallons%20per%20day. (last visited on June 11, 2024).

remains on the fuel card, which can only be used to buy products from Defendants' stores.

21. Defendants refuse to provide cash to the customer in lieu of the fuel card.

22. Here is how the simple scenario described in Paragraph 16, *supra,* plays out at one of Defendants' stores: the customer hands the cashier two $20 bills ($40 total) and states that he wants to purchase $30's worth of gas. Defendants' cashier places the $40 onto a fuel card and tells the customer that the pump can only be operated by using the fuel card.

23. The customer pumps $30's worth of gas into his vehicle and returns to the cashier to get his $10 in change. It is only at this point that the cashier tells the customer that Defendants do not provide change in cash. Instead, the $10 in change stays on the fuel card – a card that can only be used to purchase goods from Defendants' stores and nowhere else.

24. Thus, Defendants' policy robs the customer of his choice of what to do with the $10 in change and, in so doing, ensures that the $10 can only be used for Defendants' benefit.

**B.     Plaintiff's Experience with Defendants.**

25. On March 17, 2022, Burns visited Defendants' gas station located at 420 East Lee Street, Sardis, Mississippi 38666 to purchase gas for his vehicle. Burns intended to fill up his vehicle and, thus, was unsure how much the purchase would cost. Therefore, Plaintiff gave the cashier located in Defendants' store a $100 bill to cover the cost.

26. Defendants' cashier told Plaintiff he would need a fuel card to operate the pump, which the cashier provided to Burns.

27. Burns returned to the gas pump, used the fuel card to start the pump, and proceeded to fill up his vehicle. The total cost of the gas was $40.02, and Burns returned to the cashier to retrieve his $59.98 in change.

28. The cashier refused to give Burns his change and stated Defendants do not provide change in cash.

29. Instead, the cashier stated that the $59.98 in change had been stored as a credit on the fuel card she had provided to Burns.

30. The cashier stated that the fuel card was the same as a gift card and that Burns could use the $59.98 on the card to make purchases at any of Defendants' stores.

31. The card could not be used at any store not owned by Defendants.

32. At no time before Burns requested his change did the cashier inform him that any change from his $100.00 would be placed on the card and not refunded to him in cash.

33. No signage or documentation at the cash register or by the gas pumps stated that any change remaining from a fuel purchase made in cash would be placed on Defendants' fuel card.

34. Refusing to accept the card and receiving no cooperation from Defendants, Burns contacted the Sardis, Mississippi Police Department.

35. A police officer talked with an employee as well as the store manager. The store manager informed the officer that it was Defendants' policy to place change from cash purchases of fuel on Defendants' fuel cards.

36. Defendants' store manager refused the officer's request to give Burns his $59.98 in cash in exchange for the card, stating that she was following Defendants' policy.

## **CLASS ACTION ALLEGATIONS**

37. Pursuant to Federal Rule of Civil Procedure 23(a) and 23(b), Plaintiff brings this action on behalf of himself and all others similarly situated.

38. The proposed class is defined as follows:

All persons in the United States who purchased gasoline in cash at a Dollar General location and had their change placed on a Dollar General fuel card.

39. The following persons are excluded from the Class: (1) Defendants and their

subsidiaries and affiliates; (2) anyone employed by counsel for Plaintiff; and (3) judges to whom this case is assigned and their immediate family and staff.

### A. Numerosity.

40. The members of the Class are so numerous that joinder of all members is impracticable. There are thousands, if not tens of thousands, of individuals in the Class.

41. Per Defendants' latest Form 10-K filing with the Securities and Exchange Commission, for the fiscal year ending on February 2, 2024, Defendants are the largest discount retailer in the United States by number of stores – some 20,022 in the U.S. and Mexico.

42. Even if only a subset of these stores offers fuel pumps, numerosity is clearly established.

### B. Commonality.

43. There are questions of law and fact common to the Class that predominate over questions solely affecting individual members.

44. The common questions of law and fact include, but are not limited to:

   a. Whether it is Defendants' policy to place the change due from cash purchases of gasoline onto Defendants' fuel cards;

   b. Whether Defendants disclose to customers that change due from a cash purchase of gasoline will be placed on a fuel card;

   c. Whether Defendants' conduct constitutes the tort of conversion;

   d. Whether Defendants' conduct unjustly enriched Defendants; and

   e. Whether Plaintiff and the Class are entitled to actual, punitive, or other damages, costs, attorney fees, and other relief because of Defendants' practices.

45. These questions of law and fact will yield common answers to determine whether Defendants are liable for the alleged legal violations.

### C. Typicality.

46. Plaintiff's claims are typical of the Class' claims because, among other things, Plaintiff and the Class were injured through Defendants' uniform misconduct.

47. Plaintiff is advancing the same claims and legal theories on behalf of himself and all other Class Members, and there are no defenses that are unique to Plaintiff.

48. The claims of Plaintiff and those of other Class Members arise from the same operative facts and are based on the same legal theories.

### D. Adequacy of Representation.

49. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class. Plaintiff will vigorously pursue this litigation and will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel experienced in complex class action litigation.

### E. The Class Should Be Certified Per Rule 23(b)(2).

50. Class treatment is appropriate under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class.

51. Without injunctive relief, Plaintiff and the Class face the real possibility of harm from Defendants.

### F. The Class Should Be Certified Per Rule 23(b)(3).

52. Class treatment is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members.

53. Further, a class action is superior to other methods of adjudication to ensure a fair and efficient resolution of this controversy because, in the context of similar litigation, individual plaintiffs often lack the financial resources to vigorously prosecute separate lawsuits in federal

court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices.

54. Even if Class Members could afford individual litigation, the court system could not. Individualized litigation involving thousands of substantially identical cases would create a potential for inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

55. In the alternative, class treatment is appropriate under Federal Rule Civil Procedure 23(c)(4) because this is a case in which class adjudication of particular issues would serve the interests of judicial economy.

## CLAIMS FOR RELIEF

### COUNT I
### CONVERSION

56. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

57. Rather than provide customers with their change in cash, Defendants converted the change to fuel cards that can only be used to buy Defendants' products.

58. The fuel cards cannot be used at stores not owned by Defendants.

59. Defendants appropriated Plaintiff's and the Class' monies for Defendants' use and benefit.

60. Defendants intentionally exercised dominion over Plaintiff's and the Class' monies.

61. Defendants' conduct constitutes defiance of Plaintiff's and the Class' ownership

rights in the monies.

62. As a result of Defendants' conversion of Plaintiff's and the Class' monies, Plaintiff and the Class are entitled to compensatory damages in an amount to be proven at trial.

63. Defendants' conduct constitutes a willful, reckless disregard for the rights of Plaintiff and the Class and entitles Plaintiff and the Class to punitive damages, attorney fees, and costs in amounts to be proven at trial.

## COUNT II
## UNJUST ENRICHMENT

64. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

65. By taking Plaintiff's and the Class' change, which should have been paid in cash, and placing it on Defendants' fuel cards that can only be used to buy Defendants' products, Defendants unjustly enriched themselves at the expense of Plaintiff and the Class.

66. Defendants' practice is inequitable, against good conscience, and in violation of applicable state laws.

67. As a result of Defendants' unjust enrichment, Plaintiff and the Class are entitled to a refund in the amount of the change they should have received but for Defendants' unlawful fuel card practice.

68. Defendants' conduct constitutes a willful, reckless disregard for the rights of Plaintiff and the Class and entitles Plaintiff and the Class to punitive damages, attorney fees, and costs in amounts to be proven at trial.

## DEMAND FOR JURY TRIAL

69. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demand a trial by jury as to all issues so triable.

WHEREFORE, Plaintiff and the Class respectfully request that this Court enter:

a. An order certifying the case as a class action under Federal Rule of Civil Procedure 23, naming Plaintiff as Class Representative, and appointing his attorneys as class counsel;

b. A judgment declaring that Defendants have committed the violations of law alleged in this action and an injunction forbidding any future violations;

c. An award of compensatory damages;

d. An award of punitive damages;

e. An award of Plaintiff's attorney fees and costs; and

f. Such other, different, and further relief that may be just and proper.

Respectfully submitted, this the 13th day of June 2024.

<div style="margin-left: 40%;">

Plaintiff Cecil Burns, individually and on behalf of all others similarly situated,

*s/ Brent S. Snyder*
Brent S. Snyder (TN BPR #021700)
2125 Middlebrook Pike
Knoxville, TN 37921-5855
Office: 865.546.2141
Fax:    865.546.5777
E: brent@brentsnyderlaw.com

Brian K. Herrington, (*PHV* motion forthcoming)
Chhabra Gibbs & Herrington PLLC
120 North Congress Street, Suite 200
Jackson, Mississippi 39201
T: 601-326-0820
F: 601-948-8010
E: bherrington@nationalclasslawyers.com

James B. Justice, (*PHV* motion forthcoming)
James B. Justice, PLLC
1914 University Avenue
P.O. Box 1550
Oxford, MS  38655
Phone: (662) 202-7740
Fax: (877) 680-3234
E: jamesbjustice@gmail.com

*Attorneys for Plaintiff and the Class*

</div>